IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

   v.

GIOVANNI J. VARGAS-MALDONADO,

   Defendant.

CRIMINAL NO. 16-168 (GAG)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(b) GUILTY PLEA HEARING**

**I.**    **Procedural Background**

On March 16, 2016, defendant Giovanni J. Vargas-Maldonado was charged in a two-count indictment. He agrees to plead guilty to both counts.

Count One charges that Mr. Vargas, on or about March 5, 2016, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm and ammunition, as that term is defined under federal law, that had been shipped and transported in interstate and foreign commerce, all in violation of 18 U.S.C. Section 922(g)(1). Count Two charges that on or about the same date, defendant knowingly possessed a machine gun in violation of 18 U.S.C. Section 922(o).

Defendant appeared before me, assisted by the court interpreter, on January 20, 2017, since the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

**II.**    **Consent to Proceed Before a Magistrate Judge**

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He confirmed that his attorney translated the contents of the waiver form into Spanish. He was advised

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

**USA v. Giovanni J. Vargas-Maldonado**                                                                                                                  Page 2
**CR. No. 16-168 (GAG)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge. The defendant then voluntarily consented to proceed before a magistrate judge.

### III.     Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

#### A.     Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charge with his counsel and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Vargas was competent to plead and fully aware of the purpose of the hearing.

**USA v. Giovanni J. Vargas-Maldonado**  Page 3
**CR. No. 16-168 (GAG)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

### B. Maximum Penalties and Consequences of Guilty Plea

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offenses to which he was pleading guilty, namely, as to each offense, a term of imprisonment of not more than ten years, a fine of not more than $250,000.00, a supervised release term of up to three years, and a Special Monetary Assessment of $100.00, per count. The defendant was further informed that the court had the authority to issue an order of forfeiture of the firearm and ammunition involved in the offenses. The defendant indicated that he understood the maximum penalties.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing. The court also explained that the guilty plea may result in defendant's loss of valuable civil rights. The defendant confirmed that he understood these consequences of his guilty plea.

### C. Sentencing Procedures

The defendant was specifically informed that the district court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines, and that he would not be allowed to withdraw his guilty plea for the sole reason that he received a sentence more severe than he might anticipate. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a).

### D. Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge

**USA v. Giovanni J. Vargas-Maldonado**            Page 4
**CR. No. 16-168 (GAG)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

### E. Factual Basis for the Guilty Plea

Defendant was read in open court Counts One and Two of the indictment and provided an explanation of the elements of the offenses. The meaning of terms used in the indictment was explained.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offenses charged in Counts One and Two and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand this explanation and, subject to certain exceptions that did not effect the elements of the offense, admitted to the government's submission as to the evidence which could have been presented at trial.

### F. Voluntariness

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea. He acknowledged that no one had made any

**USA v. Giovanni J. Vargas-Maldonado**                                                                                                  Page 5
**CR. No. 16-168 (GAG)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

promises in exchange for his guilty plea. Throughout the hearing the defendant was able to consult with his attorney.

## IV.    Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Counts One and Two of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Giovanni J. Vargas-Maldonado, is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Counts One and Two of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

A **sentencing hearing has been set for May 16, 2017 at 9:00 a.m. before District Judge Gustavo Gelpi.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 20th day of January, 2017.

                                         S/Bruce J. McGiverin
                                         BRUCE J. McGIVERIN
                                         United States Magistrate Judge